Christina M. **JENKINS** and **Hair-Weev,**
**Inc.,** a corporation of Ohio,
**Plaintiffs,**

v.

**Lydia Adams ELLIGAN and Lydia Adams
Beauty College,** a corporation of
**Illinois, Defendants.**

No. 62 C 2228.

United States District Court
N. D. Illinois, E. D.

Nov. 22, 1965.

Soans, Anderson, Luedeka & Fitch, Chicago, Ill., for plaintiffs.

John J. Kowalik and Richard J. Myers, Chicago, Ill., for defendants.

PERRY, District Judge.

This cause having come on for trial, and the court having heard the evidence and the arguments of counsel, having examined the exhibits introduced, and having considered the briefs of counsel, finds the facts and states the conclusions of law as follows:

## FINDINGS OF FACT

1. This action is a suit for infringement of United States Patent No. 2,621,663 granted to Christina M. Jenkins on December 16, 1952 on "Permanently Attaching Commercial Hair To Live Hair". The plaintiffs ask for a permanent injunction and treble damages.

2. The defendants have filed an answer denying infringement of the United States Patent No. 2,621,663. They ask for a declaratory judgment of invalidity of said patent and request that the plaintiffs be enjoined from asserting said patent against the defendants. The defendants also ask for costs of the suit and attorneys fees.

3. The plaintiffs are Christina M. Jenkins, a resident of Cleveland, Ohio, and Hair-Weev, Inc., an Ohio corporation, with its place of business in Cleveland, Ohio. Christina M. Jenkins is the patentee of U. S. Patent No. 2,621,663 and Hair-Weev, Inc. is the exclusive licensee under said patent.

4. The defendants are Lydia Adams Elligan, known as Lydia Adams, and Lydia Adams Beauty College, a dissolved Illinois corporation as of December 17, 1960. The defendant Lydia Adams Elligan is a resident of Chicago, Illinois.

5. The court has jurisdiction of the parties and of the subject matter of the complaint and of the counterclaim of invalidity. No issue is presented as to venue.

6. The subject matter of U. S. Patent No. 2,621,663 discloses the process of permanently attaching commercial hair to live hair and contains 19 claims. These claims are divided into two groups: Group 1 consists of Claims 3, 5, 6, 14, 16 and 17 which are directed to weaving cords with live hair on the head to form an attachment base and securing the commercial hair or commercial weft by sewing or by thread or generally by securing the commercial hair to the attachment base. Group 2 comprises Claims 1, 2, 4, 7–13, 15, 18 and 19 which are directed to interweaving strands of false hair to the live hair about the cordlike material or base of attachment. Claim 5 of Group 1 does not specify permanent attachment of the commercial hair to the live hair on the head.

7. The plaintiffs have charged the defendants with infringement of all of the claims of the patent and with inducing others to infringe all of the claims of the patent. At the trial the defendants proved prior public use by the defendants and others and also proved the existence in the public domain of prior art, setting forth all of the methods and uses claimed by plaintiffs for the patent in suit long before May 4, 1950, which date was more than one year before the application for said patent was filed, namely, on May 4, 1951.

8. At the trial the defendants proved that the methods of the patent in suit were printed and published in publications in the United States of America more than a year prior to said date of May 4, 1951.

9. The defendants proved at the trial that in 1915 Mrs. Marjorie Stewart Joynor took courses at the A. B. Moler Beauty School, which courses embodied the principles of the patent in suit, namely, the attachment of false hair to live hair (Tr. 106–128). The defendants further proved that Mrs. Joynor established such a course in the Madame C. J. Walker Colleges of Beauty Culture (Tr. 116), and that in 1934 Mrs. Joynor taught the course to defendant Lydia Adams while the said Lydia Adams attended the Madame C. J. Walker School (Tr. 133). The defendants further proved that Lydia Adams was graduated from Lelia College of the Madame C. J. Walker School System with a diploma, dated February 19, 1934, attesting that she had completed a course in permanent attachment of false hair to live hair on the human head (Tr. 133) and that defendant Lydia Adams, now Lydia Adams Elligan, gave a public demonstration of the method of attaching false hair at a public demonstration in the Savoy Ballroom in Chicago in October, 1939, which demonstration was photographed and reported extensively in the Chicago Defender, a Chicago newspaper, on October 31, 1939 (DX 6, Tr. 139).

10. The defendants proved at the trial that the plaintiffs had knowledge in 1953 that the methods described in the patent in suit were being used by the Madame C. J. Walker Schools and sent letters charging infringement of said patent; that the letters were ignored by the C. J. Walker Schools; and that the schools were still teaching the same methods of attaching false hair to live human hair as described in the patent in suit and in the same manner as the schools had been teaching these methods for many decades.

11. The evidence of teaching and common use of the methods of the patent in suit were hardly contradicted. It was corroborated conclusively by many witnesses, demonstrations, exhibits and photographs, and by one witness, Mrs. Beatrice Turpin, who was sued in the United States District Court at Cleveland, Ohio, by the same plaintiffs for infringement of the patent in suit. That suit was voluntarily dismissed by plaintiffs after the witness gave evidence on deposition of having used the methods of the patent in suit between the years 1936 to 1950 (Tr. 195, DX 27).

12. The plaintiffs introduced evidence that there had been gross income of

$80,000.00 from the business using the patent. There was no evidence that this sum produced any net profit or that said sum was attributable to the patent alone.

13. The attaching of hair to threads or cords is well known in the art. This is conceded by the plaintiff and is known as weft making as is shown in British Patent No. 20,545 (1912), British Patent No. 1976 (1914), and British Patent No. 17,697 (1914) and introduced into evidence as defendants' exhibits DX 22, 21, and 20, respectively. The art of weft making is also shown in "The Art of Hair Weaving" by Milady Publishing Corp., NY, NY. (1950) (DX 23). The technique of hair weaving shown by these British patents and the Milady publication clearly shows the method of weaving disclosed in the plaintiffs' patent. U. S. Patent No. 1,042,972 (DX 28) clearly shows alternate interweaving of different hair strands along a linear base as shown in plaintiffs' patent. All of these patents and the publication show the permanent attachment of hair to a base. To attach that base to hair growing from the head is obvious and would not involve any invention. Such technique as disclosed by the plaintiffs' patent is readily discernible to one having ordinary skill in the art of attaching of wefts and in the formation of coiffures such as testified to by the defendant Lydia Adams who has had many years of experience in the field.

14. The plaintiffs have failed to establish infringement of U. S. Patent No. 2,621,663 either by the defendant Lydia Adams Beauty College, a dissolved corporation of Illinois, or by the defendant Lydia Adams. The corporation was dissolved on December 27, 1960 as evidenced by the Certificate of the Secretary of State of the State of Illinois (DX 35). The plaintiffs have introduced no evidence of infringement during the existence of said corporation. Plaintiffs alleged they sent two of their licensed hair beauty technicians under a license with the plaintiffs relating to the patent in suit, and these two witnesses saw the defendants commit an act of infringement during the month of October, 1962, almost two years after the termination of the defendants' corporation. Further, the plaintiffs' interrogatories and the answers thereto by the defendants failed to establish any acts of infringement of the plaintiffs' patent. Instead the answers to said interrogatories disclose that the defendant Lydia Adams had been teaching the hair attachment process as disclosed in the subject patent since at least 1935 and up to 1950, more than one year before the application on the patent in suit was filed in the U. S. Patent Office. The answers to said interrogatories by the defendants failed to disclose any evidence that the defendants committed acts of infringement since the issuance of the patent in suit on December 16, 1952.

15. The court has considered the deposition of Eddie Parker and finds the same to be unreliable and discards it as being that of an incredible witness.

16. The plaintiffs have failed to correlate the elements of the claims of the plaintiffs' patent with any acts of infringement alleged by the plaintiffs to have been committed by the defendants. The defendants and their witnesses have testified that they have practiced and seen practiced the methods taught in the plaintiffs' patent more than one year prior to the filing of the patent in suit and that therefore these practices completely anticipate all of the claims of the plaintiffs' patent. The plaintiffs have failed to prove any act of infringement by the defendant since the issuance of the plaintiffs' patent on December 16, 1952.

17. Any finding of fact herein which may be construed wholly or in part as a conclusion of law shall be so deemed, and treated as though set forth under Conclusions of Law herein.

## CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties and of the subject matter of the action.

2. U. S. Patent No. 2,621,663 is not entitled to the usual presumption of validity because of the failure of the

Patent Office to consider the pertinent prior art references of British Patent No. 20,545 (1912), British Patent No. 1976 (1914), British Patent No. 17,697 (1914) and U. S. Patent No. 1,042,972.

■ 3. The U. S. Patent No. 2,621,663 is invalid for failure to meet the requirements of 35 U.S.C. § 102 because the permanent attachment of commercial hair to live hair on the head, as disclosed in said patent, does not involve invention over the prior art, and particularly the prior patents, U. S. Patent No. 1,042,972, the said British Patents Nos. 20,545 and 1976 and 17,697 and the prior publication "The Art of Hair Weaving", Milady Publishing Corp., NY, NY. (1950).

4. The U. S. Patent No. 2,621,663 is invalid for failure to meet the requirements of 35 U.S.C. § 102 because the methods taught by said patent 2,621,663 are completely anticipated by the prior use of the defendants and the defendants' witnesses and by the use and sale of the processes taught by said Patent No. 2,621,663 more than one year prior to the filing of an application on said Patent 2,621,663 in the U. S. Patent Office.

5. The U. S. Patent No. 2,621,663 is invalid for failure to meet the requirements of 35 U.S.C. § 103 because the differences between the subject matter of the said Patent No. 2,621,663 and the prior art, particularly the British Patents Nos. 20,545 and 1976 and 17,697, U. S. Patent No. 1,042,972 and the publication "The Art of Hair Weaving" by Milady Publishing Corp. in 1950, and the suggested combinations thereof, are such that the subject matter of the U. S. Patent No. 2,621,663 to Jenkins as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which such subject matter pertains.

6. The U. S. Patent No. 2,621,663 is invalid for failure to meet the requirements of 35 U.S.C. § 103 because the differences between the subject matter of the U. S. Patent No. 2,621,663 and the

prior use by the defendants and others as testified to at the trial, and suggested combinations thereof, are such that the subject matter of the U. S. Patent No. 2,621,663 to Jenkins as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which such subject matter pertains.

7. U. S. Patent No. 2,621,663 has not been and is not being infringed by defendants or either of them.

8. The defendants are entitled to a judgment declaring that the U. S. Patent No. 2,621,663 is invalid and is not infringed by the defendants, dismissing the Complaint, and awarding costs to defendants.

9. Any conclusion of law entered herein which may be construed in whole or in part as a finding of fact shall be so deemed and treated as though set forth under Findings of Fact herein.